**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**

GOODLOE MARINE, INC., on behalf of
itself and for the use and benefit of anyone
claiming by or through it,

        Plaintiff,

v.                                              CASE NO.:  8:20-cv-679-T-60AAS

CAILLOU ISLAND TOWING COMPANY,
INC., and B.C. TOWING, INC.,

        Defendants.
_____

CAILLOU ISLAND TOWING COMPANY,
INC,

        Counterclaimant,

v.

GOODLOE MARINE, INC.,

        Counter-Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, TO STRIKE
IMMATERIAL AND/OR IRRELEVANT ALLEGATIONS FROM THE COMPLAINT**

      Plaintiff GOODLOE MARINE, INC., on behalf of itself and for the use and benefit of

anyone claiming by or through it, by and through the undersigned counsel, hereby files its

Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint or, alternatively,

to Strike Immaterial and/or Irrelevant Allegations from the Complaint (the "Motion") [D.E. 13],

and in support thereof states:

1.     On March 24, 2020, Plaintiff Goodloe Marine, Inc. ("Goodloe") filed its Complaint against Defendants Caillou Island Towing Company, Inc. ("CIT") and B.C. Towing, Inc. ("BC") (collectively, the "Defendants") relating to the January 22, 2020 sinking of Goodloe's Dredge *PERSEVERANCE*. [D.E. 1].

2.     On May 26, 2020, Defendants filed the instant Motion [D.E. 13], and CIT filed a Counterclaim against Goodloe [D.E. 14].

3.     For the reasons set forth herein, the Court should deny Defendants' Motion.

## MEMORANDUM OF LAW

"It is well recognized that motions to dismiss prior to discovery are disfavored." *Jackson v. Bessemer Police Dep't*, No. 2:09-CV-0919-SLB, 2010 WL 11565834, at *5 (N.D. Ala. Jan. 11, 2010). Defendants assert that Goodloe's Complaint should be dismissed based on pleading standards and substantive law issues; however, Defendants fail to make the requisite showing that dismissal is appropriate. Indeed, "[d]ismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968). While Defendants assert that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," they fail to show that any matter in the Complaint is redundant, immaterial, impertinent, or scandalous. Further, while Defendants cite Federal Rule of Civil Procedure 12(e) for the proposition that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response," Defendants fail to make the requisite showing that the Complaint is so vague or ambiguous that they cannot reasonably prepare a response.

Federal Rule of Civil Procedure 12 must be liberally construed in favor of the plaintiff in a lawsuit. *See McKenna v. U.S. Lines*, 26 F. Supp. 558, 560 (S.D.N.Y. 1939). Granting a motion to dismiss is a "harsh remedy" and must be carefully considered "both to effectuate the spirit of the liberal rules of pleading and to protect the interests of justice." *Carlson v. U.S. ex rel. U.S. Postal Serv.*, 248 F. Supp. 2d 1040, 1043 (N.D. Okla. 2003). "To survive a motion to dismiss, a complaint need not contain 'detailed factual allegations,' but instead the complaint must contain 'only enough facts to state a claim to relief that is plausible on its face.'" *Hester v. Regions Bank*, No. 209CV908-WHA, 2010 WL 2232158, at *1 (M.D. Ala. June 3, 2010) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, a court may dismiss a complaint for failure to state a claim <u>only if it is clear that no relief could be granted under any set of facts</u> that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When deciding the instant Motion, the Court must accept as true <u>all</u> factual allegations in the Complaint and construe the record in favor of Plaintiff Goodloe. *See, e.g., Parker v. Wakelin*, 882 F. Supp. 1131, 1134 (D. Me. 1995).

For the reasons set forth herein, Goodloe respectfully requests the Court deny Defendants' Motion to Dismiss Plaintiff's Complaint or, alternatively, to Strike Immaterial and/or Irrelevant Allegations from the Complaint. In the event the Court deems any of the allegations contained in Goodloe's Complaint insufficient, Goodloe respectfully requests the opportunity to amend its Complaint accordingly.

I.    **Counts I through IV are sufficiently pled.**

A.    **Goodloe's use of the language from the Towing Agreement that CIT drafted does not create an ambiguity or otherwise warrant dismissal of Counts I through IV.**

"Maritime contracts must be construed like any other contracts: by their terms and consistent with the intent of the parties." *CITGO Asphalt Ref. Co. v. Frescati Shipping Co.*, 140 S. Ct. 1081, 1087 (2020) (internal citation omitted). Towage agreements, like the towing agreement entered into between Plaintiff Goodloe and CIT on January 8, 2020 (the "Towing Agreement," attached hereto as **Exhibit "A"**), are likewise interpreted consistent with the general rules of contract interpretation. *U.S. ex rel. E. Gulf v. Metzger Towing*, 910 F.2d 775, 779 (11th Cir. 1990). Defendants' lengthy discussion of the distinctions between towage contracts and contracts involving common carriers is inapposite and a distraction from Goodloe's sufficiently pled Complaint. Further, Defendants ignore established principles of contractual interpretation and the fact that "this action arises from the tow of a vessel." Compl. ¶ 1.

Defendants argue that Goodloe's categorization of the Towing Agreement as a contract for "maritime transportation services" is "ambiguous and/or inconsistent with the terms of the Towing Agreement and warrants dismissal of Counts I through IV." Defs' Mot. Dismiss at 10. It is worth noting that **the "inconsistent" phrase that Defendants allege "warrants dismissal of Counts I through IV" comes from the Towing Agreement itself, which Defendants drafted**. *See* Ex. "A." Defendant fails to explain how language from the Towing Agreement's introductory paragraph is inconsistent with the remainder of the Towing Agreement. Even a cursory reading of the Complaint, which references "Towing Agreement," "Towing Vessel," and the "tow of the Dredge and Idler Barge," suffices to demonstrate Goodloe's clear understanding

that the contract at issue is one for towage, and that the duties applicable to towage contracts apply.

Defendants ignore basic tenets of contract interpretation by arguing that the phrase "maritime transportation services" is ambiguous, when the plain meaning of that language is clear in the Towing Agreement that Defendants drafted. "The elementary canon of interpretation is, not that particular words may be isolately considered, but that the whole contract must be brought into view and interpreted with reference to the nature of the obligations between the parties, and the intention which they have manifested in forming them." *O'Brien v. Miller*, 168 U.S. 287, 297 (1897). By isolating the term "transportation" and ignoring the obvious nature of the obligations between the parties to the Towing Agreement (*i.e.*, for CIT to transport, move, or tow the Dredge "from" Texas "to" Port St. Lucie, Florida or Wilmington, North Carolina), Defendants have unsuccessfully attempted to fabricate an ambiguity where none exists. As such, Goodloe's use of the phrase "maritime transportation services," taken directly from the Towing Agreement itself, neither creates ambiguity nor a valid basis for dismissal of Counts I through IV.

**B.      The characterization of Defendants' services is relevant to the issues in this case and, thus, not the proper subject of a Rule 12(f) motion to strike.**

Rule 12 provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. R. 12(f). Used in this context, "immaterial" means that the matter has no bearing on the controversy before the court. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994). "Impertinent" means allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence. *Id.*

Defendants argue the Court should strike all allegations in the Complaint referencing transportation services, on the grounds that such references are "baseless, impertinent, and immaterial." Defs' Mot. Dismiss. at 10. However, Defendants fail to support that Goodloe's reference to Defendants' services as "transportation" services is truly baseless, impertinent, or immaterial, when those allegations are indeed the crux of this controversy. Indeed, Defendants' discussion of the distinctions between "transportation" services and "towing" services suggests the categorization of Defendants' services is not only relevant to the present litigation but also pertinent and material. Moreover, striking the "transportation services" language would mean requiring the Parties to disregard the language contained in the Towing Agreement and requiring the Court to issue an improper advisory opinion regarding the nature of the Defendants' services <u>before</u> litigation on the merits has commenced. As such, the Court should deny Defendants' Motion to Strike.

  **C.** **Defendants' arguments relating to seaworthiness are misplaced, as Goodloe has not brought any affirmative causes of action relating to the seaworthiness of Defendants' towing vessel.**

Defendants take Goodloe's seaworthiness allegations out of context in an apparent attempt to confuse the issues before this Honorable Court. Goodloe has not brought any affirmative claims for unseaworthiness or breach of the warranty of seaworthiness. Defendants allege that Counts I, III, and IV fail to state a cause of action upon which relief should be granted because they owed no duty of seaworthiness to Goodloe. Defendants cite a host of cases for the proposition that Goodloe was neither of the Defendants' crewmember or insurer. However, Counts I, III, and IV are causes of action for negligence and gross negligence, not for unseaworthiness or breach of the warranty of seaworthiness.

Even if the Court were to find any of the allegations contained in Counts I, III, and IV of the Complaint redundant, immaterial, impertinent, or scandalous, outright dismissal would not be appropriate. *See* Fed R. Civ. P. 12(f). Instead, the Court should either strike Goodloe's references to seaworthiness, without prejudice to its sufficiently pled causes of actions, or simply allow Goodloe to provide a more definite statement. *See, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). In any event, dismissal is not the appropriate remedy and the Court should deny Defendants' Motion.

**D.    Goodloe adequately pled its negligence and gross negligence causes of action against Defendants.**

To state a cause of action for negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam). By alleging that Defendants owed Goodloe a duty of reasonable care, Defendants breached that duty, and that breach actually and proximately caused Goodloe's damages, Goodloe has sufficiently pled its causes of action.

Specifically, in Count I of the Complaint for negligence against CIT, and in Count III for negligence against BC, Goodloe incorporates and re-alleges the factual allegations contained in paragraphs one through seventeen of the Complaint. Compl. ¶¶ 17, 26. Goodloe alleges it "contracted with CIT for CIT's maritime transportation services to tow its Dredge and Idler Barge from Port Bolivar, Texas to Wilmington, North Carolina," and that Defendants are and were the owners and/or operators of the towing vessel *CHARLES J. CENAC* that was used to tow the Dredge and Idler Barge. Compl. ¶¶ 10, 12, 13. The agreement between the parties is memorialized in the Towing Agreement, wherein CIT agrees to "provide towing of the Dredge

Perseverance." Compl., Ex A. Accordingly, by virtue of the Towing Agreement, certain duties arose between Goodloe, BC, and CIT, and the sinking of Goodloe's Dredge evidenced a breach of those duties.

In towage contracts, the tug owes the tow the "duty to exercise such reasonable care and maritime skill as prudent navigators employ for the performance of similar service." *Stevens v. The White City*, 285 U.S. 195, 202 (1932). A tug is also obligated "to assess the nature of the undertaking that it assumes; it must be sufficiently knowledgeable about its vessel, its customer's ship and the interaction of the two upon the sea, weather, etc. to provide merchantable service." *Howlett, Inc. v. Tug Dalzellido*, 324 F. Supp. 912, 917 (S.D.N.Y. 1971). In short, the owner of a tug is liable for its safe navigation. *Hart v. Blakemore*, 410 F.2d 218, 221 (5th Cir. 1969). Goodloe alleges that Defendants breached the duty to exercise reasonable care by towing the Dredge under and sinking it on January 22, 2020. Compl. ¶¶ 11, 19, 28. Lastly, Goodloe alleges that Defendants' breach actually and proximately cause the sinking of the Dredge and the resulting damages to the Dredge, the Idler Barge, and their contents, as well as loss of use, loss of profits, and other actual and consequential damages. Compl. ¶¶ 15, 20, 29. Thus, Goodloe has sufficiently pled its negligence causes of action against CIT and BC, and Defendants' Motion must be denied.

Goodloe's gross negligence allegations in Count II and Count IV are also sufficiently pled, as Goodloe asserts Defendants' actions or omissions "were so reckless or wanting in care as to constitute a conscious disregard or indifference to life, safety, or rights of persons and property exposed to such conduct." Compl. ¶¶ 23, 33. This language is sufficient to assert a cause of action for gross negligence. *See, e.g., Kurtz v. Young*, No. 08-80355-CIV, 2009 WL 10667471, at *1 (S.D. Fla. Aug. 25, 2009) (defining the gross negligence standard as conduct

that is so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct).

II.     **Goodloe adequately pled its breach of contract cause of action against CIT.**

    A.     **Goodloe entered into a contract with CIT to tow its Dredge and Idler Barge to a particular destination.**

A tower's responsibility for its tow ceases upon the <u>delivery</u> of the tow at the final destination of the tow pursuant to the towage agreement. *See, e.g., Ispat Inland, Inc. v. Am. Commer. Barge Line Co.,* 2003 AMC 370 (N.D. Ind. 2002); *see also The B. B. No. 21*, 54 F.2d 532, 533 (2d Cir. 1931) ("When a tug finds that she cannot <u>deliver</u> her tow at its destination, it is her duty to return the tow to its owner or to tie it up at some safe place and protect it until she can <u>deliver</u> it at the point called for.") (emphasis added).

Goodloe did not enter into the Towing Agreement so Defendants' vessels could push its Dredge and Idler Barge around aimlessly, as Defendants seem to suggest. Rather, CIT's contractual obligation was to tow the Dredge and Idler Barge "to" either Port St. Lucie, Florida or Wilmington, North Carolina. *See* Ex. A. Despite clear language in the Towing Agreement evincing that Goodloe expected its vessels to be delivered "to" a location, CIT argues that "nothing in the Towing Agreement indicates that CIT agreed to deliver the tow to any particular destination." Defs' Motion Dismiss 13. CIT even goes so far as to allege that the Towing Agreement "only required the provision of propulsion (a tug) to expedite the movement of Goodloe's vessels." *Id.* Both common sense and the Towing Agreement contradict CIT's allegations. Moreover, CIT did not tow Goodloe's vessels to the destinations specified in the Towing Agreement; instead, CIT towed Goodloe's Idler Barge to Tampa, Florida and towed its Dredge underwater. That material breach of the Towing Agreement gives rise to Goodloe's independent breach of contract cause of action.

**B.      Goodloe's cause of action for breach of contract is separate and distinct from its negligence cause of action.**

CIT also relies on the following language: "[i]t has long been settled that suit by the owner of a tow against her tug **to recover for an injury to the tow caused by negligence** on the part of the tug is a suit *ex delicto* and not *ex contractu*." *Stevens*, 285 U.S. at 201 (emphasis added). Whereas a tower's liability for damages <u>caused by negligence</u> does sound only in tort (*ex delicato*), a tower's liability for injury stemming from <u>breach of a towing contract</u> may nevertheless sound in contract (*ex contractu*).

Here, Goodloe asserts separate and distinct causes of action against CIT for negligence in Count I and breach of contract in Count V.  Goodloe's grievances relating to the breach of contract claim stem from CIT's failure to deliver its vessels to the final destination, per the Towing Agreement.  As Goodloe seeks to recover for an injury caused by breach of a material provision of the Towing Agreement, it is entitled to maintain a claim *ex contractu*.  However, should the Court determine that the recovery sought by Goodloe in Count I and Count V are not sufficiently distinguished, Goodloe respectfully requests leave to amend its Complaint to further clarify the cause of injury.

Further, CIT ignore that CIT has brought a counterclaim against Goodloe for, *inter alia*, breach of contract. *See* CIT's Countercl. [D.E. 14]. To the extent that the Court is persuaded that the nature of this action cannot sound in contract, CIT's claim for breach of contract against Goodloe should also be dismissed.

**C.      Goodloe's breach of contract action is sufficiently pled.**

The elements of a cause of action for breach of contract are: "(1) a valid contract; (2) a material breach; and (3) damages. *Kaloe Shipping Co. v. Goltens Serv. Co.*, 315 F. App'x 877, 880 (11th Cir. 2009). In Count V of the Complaint for breach of contract against CIT, Goodloe

incorporates and re-alleges the factual allegations contained in paragraphs one through seventeen of the Complaint. Compl. ¶ 36. Goodloe alleges that "[o]n or about January 8, 2020, Goodloe contracted with CIT for CIT's maritime transportation services to tow its Dredge and Idler Barge." Compl. ¶ 10. Goodloe also alleges that CIT "breached its contract with Goodloe by failing to deliver the Dredge and Idler Barge to their destination and/or otherwise causing the Dredge to sink while under tow and the Idler Barge to sustain damage" and that Goodloe suffered damages as a result thereof. Compl. ¶¶ 38–39. These allegations are adequate and sufficient to plead a cause of action against CIT. Consequently, the Motion to Dismiss Count V must be denied.

**III.     Counts II and IV provide sufficient notice of a claim.**

Defendants argue they do not have sufficient notice of Goodloe's claims against them based on Goodloe's allegations that Defendants' "actions and omissions were so reckless or wanting in care as to constitute a conscious disregard or indifference to life, safety, or rights of persons and property exposed to such conduct." However, Defendants fail to cite <u>any</u> legal precedent to show that such language is insufficient. Indeed, "notice pleading is all that is required for a valid complaint." *In re Equifax Inc. Sec. Litig.*, 357 F. Supp. 3d 1189, 1214–15 (N.D. Ga. 2019). "Under notice pleading, the plaintiff need only give the defendant <u>fair notice</u> of the plaintiff's claim and the grounds upon which it rests. *Id.* (emphasis added). In its Complaint, Goodloe alleges that "CIT towed the Dredge under and it sank." Compl. ¶ 11. Upon information and belief, CIT and BC were the owner(s) and/or operator(s) of the Towing Vessel *CHARLES J. CENAC* that was used to tow Goodloe's dredge, which they towed under, as well as Goodloe's idler barge. Compl. ¶¶ 12–13. Defendants each owed Goodloe a duty of reasonable care, and they breached that duty by causing the dredge to be towed under. As a result, Defendants'

actions and omissions were so reckless or wanting in care that they constituted a conscious disregard or indifference to the safety of Goodloe's property, which is clearly pled in Goodloe's Complaint and sufficient to satisfy the notice pleading standard.

**IV.    Count VI sufficiently states a cause of action, as the implied warranty of workmanlike performance applies to the Towing Agreement.**

The implied warranty of workmanlike performance obligates every contractor "to perform services with a reasonable level of '[c]ompetency and safety.'" *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1315 (11th Cir. 2003). This warranty "arises out of the contract principle that one who contracts to provide services to another impliedly agrees to perform such services in a diligent and workmanlike fashion; *i.e.*, to perform the services properly and safely." *Burnett v. A. Bottacchi S.A. de Navegacion*, 882 F. Supp. 1050, 1053 (S.D. Fla. 1994).

Although Defendants request dismissal of Count VI for Breach of the Implied Warranty of Workmanlike Service on the basis that no such warranty is owed by a tower under a towage agreement, numerous courts have found the implied warranty of workmanlike performance applicable to contracts for towage. *Goff v. Apex Towing Co.*, Case No. 78-3574, 1980 U.S. Dist. LEXIS 17393, at *9–10  (E.D. La. Dec. 30, 1980) ("The warranty of workmanlike performance implicit in a towage contract mandates a duty to properly and safely perform towing services") (emphasis added); *see also Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*, 707 F.2d 1086, 1091 (9th Cir. 1983); *S.C. Loveland, Inc. v. East-West Towing, Inc.,* 415 F. Supp. 596, 604 (S.D. Fla. 1976); *Fairmont Shipping Corp. v. Chevron Int'l Oil,* 371 F. Supp. 1191 (S.D.N.Y. 1974); *Singer v. Dorr,* 272 F.Supp. 931 (E.D. La. 1967). Goodloe asserts the existence of a towing contract, that "CIT breached the implied warranty of workman like service by failing to perform its towing services properly and safety," and that the breach was the actual and proximate cause of Goodloe's damages. Compl. ¶¶ 40–44. Thus, Goodloe sufficiently pled

breach of the implied warranty of workmanlike service against CIT and the Court should deny Defendants' Motion.

**CONCLUSION**

WHEREFORE, Goodloe respectfully requests the Court deny Defendants' Motion to Dismiss Goodloe's Complaint or, alternatively, to Strike Immaterial and/or Irrelevant Allegations from the Complaint. In the event the Court deems any of the allegations contained in Goodloe's Complaint insufficient, Goodloe respectfully requests the opportunity to amend its Complaint accordingly.

Dated: **June 9, 2020**

Respectfully submitted,

*/s/ Brandon Bushway*
**ROBERT B. BIRTHISEL**
Florida Bar No.: 906654
**JULES V. MASSEE**
Florida Bar No.: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar No.: 1015247
bbushway@hamiltonmillerlaw.com
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
P: 813-223-1900 / F: 813-223-1933
**SERVICE E-MAIL**:
CBBserve@hamiltonmillerlaw.com
*Counsel for Plaintiff, Goodloe Marine Inc.,*
*on behalf of itself and for the use and benefit*
*of anyone claiming by or through it.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 9, 2020,** the foregoing document is being filed with this Court and served on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Brandon Bushway*
Attorney

## SERVICE LIST
## CASE NO.: 8:20-cv-00679-WFJ-AAS

**GUSTAVO A. MARTINEZ**
Florida Bar No.: 668575
gmartinez@mgmlaw.com
**RAUL J. CHACON, JR.**
Florida Bar No.: 999611
rchacon@mgmlaw.com
MANNING GROSS + MASSENBURG LLP
600 Brickell Avenue, Suite 1400
Miami, Florida 33131
P:  (305) 537-3410 / F:  (305) 537-3411
*Counsel for Caillou Island Towing Company,*
*Inc., and B.C. Towing, Inc.*