UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

GOODLOE MARINE, INC., on behalf
of itself and for the use and benefit
of anyone claiming by and through it,

    Plaintiff,

v.                                              Case No. 8:20-cv-679-T-60AAS

CAILLOU ISLAND TOWING COMPANY,
INC. and B.C. TOWING, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

Before the Court is defendants' Motion to Dismiss Plaintiff's Complaint or, alternatively, to Strike Immaterial and/or Irrelevant Allegations from the Complaint (Doc. 13) and plaintiff's response in opposition (Doc. 17). For the reasons that follow, the Court denies the motion.

### **Factual Background**[1]

Plaintiff Goodloe Marine, Inc. ("Goodloe") sues Defendants, Caillou Island Towing Company, Inc. ("CIT") and B.C. Towing, Inc. ("BC") (collectively "defendants") in admiralty for damages that occurred following the sinking of Goodloe's dredge and damage to its idler barge allegedly caused by defendants. (Doc. 1). Goodloe is a

---

[1] The factual background is derived from Goodloe Marine's complaint. (Doc. 1). The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Florida corporation and the owner of a dredge called *PERSEVERANCE* (the "Dredge") and idler barge ("Idler Barge"). (*Id.* ¶¶ 3, 8). In January 2020, Goodloe contracted with CIT to tow the Dredge and Idler Barge from Port Bolivar Texas to "Port St. Lucy" or Wilmington, North Carolina.[2] (*Id.* ¶ 10); *see also* (Doc. 1-1). CIT and BC are the owners and operators of the towing vessel, *CHARLES J CENAC* (the "Towing Vessel") that was used to tow the Dredge and Idler Barge. (Doc. 1 ¶¶ 12, 13). Goodloe alleges that prior to the tow, the Dredge and Idler Barge were in seaworthy condition, "properly and efficiently manned, supplied, equipped, and furnished." (*Id.* ¶ 14).

On January 22, 2020, during the tow, while off the coast of Cedar Key, Florida, CIT towed the Dredge under water, and it sank. (*Id.* ¶ 11). The Idler Barge also sustained damage as a result of the Dredge sinking. (*Id.*). After sinking Goodloe's Dredge and damaging its Idler Barge within Florida territorial waters, CIT towed the Dredge to Florida Dredge & Dock, Inc. in Tarpon Springs, Florida, where it remains, taking on water, and towed the Idler Barge to Gulf Marine Repair in Tampa, Florida. (*Id.* ¶ 9).

On March 24, 2020, Goodloe filed a six-count complaint against CIT and BC, asserting claims of negligence, gross negligence, breach of contract, and breach of the implied warranty of workmanlike service. (Doc. 1). Defendants move to dismiss the complaint or to have certain allegations stricken as irrelevant or immaterial. (Doc. 13). Goodloe opposes the motion. (Doc. 17).

---

[2] The complaint alleges the tow was from Port Bolivar, Texas to Wilmington, North Carolina. (Doc. 1 ¶ 10). The "Towing Agreement" attached as an exhibit to the complaint states the tow was from "Port Bolivar, Texas to Port St. Lucy (sic) or to Wilmington, North Carolina." (Doc. 1-1). Port St. Lucie is a city located on the east coast of Florida. Suffice it to say, the tow did not make it to either location.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for

resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 865 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

## Analysis

### *Counts I and III (Negligence)*

In Counts I and III, Goodloe sues CIT and BC, respectively, for negligence. Goodloe alleges that CIT and BC owed Goodloe a duty to use reasonable care under the circumstances and to provide a seaworthy towing vessel for the tow of Goodloe's Dredge and Idler Barge from Port Bolivar, Texas to Wilmington, North Carolina. (Doc. 1 ¶¶ 18, 27). Goodloe further alleges that CIT and BC breached their duty to use reasonable care and as a result, Goodloe suffered damages. (*Id.* ¶¶ 19, 20, 28, 29).

In general, the elements of maritime negligence are the same as those for common law negligence. *See* 15 *Crayton v. Oceania Cruises, Inc.*, 600 F. Supp. 2d 1271, 1275 (S.D. Fla. 2009) (citing *Stuart Cay Marina v. M/V Special Delivery*, 510 F.

Supp. 2d 1063, 1071 (S.D. Fla. 2007)).  As set forth above, Goodloe has adequately pled a claim for negligence, alleging a duty, breach of duty, and damages.  Defendants do not appear to vehemently argue to the contrary.  Rather, defendants take issue with Goodloe's use of the phrase "maritime transportation services," arguing that transportation, affreightment, or carrier services are legally distinguishable under maritime law from that of towing services.  The Court agrees.  And although Goodloe points out that the "Towing Agreement" at issue uses the phrase "maritime transportation," Goodloe nevertheless acknowledges this case is one arising out of the towing of a vessel and the duties applicable to towage contracts apply.  In a light favorable to Goodloe, it has stated claims for negligence against CIT and BC in Counts I and III.

Defendants alternatively request the Court require plaintiff to plead a more definite statement or strike Goodloe's use of the phrase "maritime transportation services" as being ambiguous or inconsistent with the Towing Agreement.  Defendants contend the phrase is irrelevant and immaterial to the extent Goodloe is suing for negligence in towing, as opposed to transportation or affreightment.  Defendants also seek to strike any reference to a duty on their behalf to provide a seaworthy vessel. Plaintiff responds that its claims are for negligence and gross negligence, not for unseaworthiness or breach of the warranty of seaworthiness.  Federal Rule of Civil Procedure 12(f) provides the mechanism for a court to strike allegations that are "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). However, because motions to strike are disfavored by courts, they are to be used sparingly.  The extraordinary measure of striking these allegations is unwarranted

here where Goodloe has stated that its claims are for negligent towage and the complaint pleads the elements of negligence. Furthermore, defendants fail to show on this motion how the allegations are so prejudicial to defendants at this procedural juncture, particularly where defendants can deny the allegations in their answer. Accordingly, the motion to dismiss or strike portions of Counts I and III is denied.[3]

***Counts II and IV (gross negligence)***

In Counts II and IV, Goodloe sues CIT and BC for gross negligence. In addition to the negligence allegations, Goodloe alleges CIT and BC's "actions and omissions were so reckless or wanting in care as to constitute a conscious disregard or indifference to life, safety, or rights of persons and property exposed to such conduct." (Doc. 1 ¶¶ 23, 33). In their motion to dismiss, defendants contend Goodloe's complaint is devoid of facts supporting the allegations of recklessness. They seek dismissal on these grounds or alternatively an amended pleading with a more definite statement. Review of the complaint reveals that Goodloe's claims of gross negligence incorporate the general allegations, which include that defendants contracted to tow the Dredge and Idler Barge, but instead their conduct resulted in sinking the Dredge and damaging the Idler Barge despite the Dredge and Idler Barge being in seaworthy condition. These allegations, coupled with the allegations that defendants were "so reckless or wanting in care as to constitute a conscious disregard or indifference to life, safety, or rights of persons and property exposed to such conduct," while thin, are

---

[3] To the extent defendants raise the same arguments as to Counts II and IV regarding Goodloe's allegations of "maritime transportation services" and whether defendants' vessel was seaworthy, the ruling is the same and the Court similarly denies the motion as to Counts II and IV as to these arguments.

sufficient to put defendants on notice of the claims against them.  Accordingly, the Court finds the motion to dismiss or for a more definite statement as to the gross negligence claims in Counts II and IV is appropriately denied.  The defendants may challenge this claim, or any other claim, in a Rule 56 motion after discovery should the facts not materialize to support Goodloe's allegations.

### *Count V (breach of contract)*

Count V of the complaint sues CIT for breach of contract.  In Count V, Goodloe alleges that it contracted with CIT for CIT to tow its Dredge and Idler Barge from Port Bolivar, Texas to Wilmington, North Carolina and that CIT breached the contract by failing to bring the Dredge and Idler Barge to the destination provided for in the contract.  (Doc. 1 ¶¶ 37, 38).  As a result of the breach of contract, Goodloe alleges it suffered damages.  (*Id.* ¶ 39).

In their motion to dismiss, defendants contend that because a tug is not considered cargo under maritime law, there can be no cause of action for failing to deliver to the agreed upon location.  Defendants do not cite any case law for this proposition.  Rather, defendants rely on case law which states "[i]t has long been settled that suit by the owner of a tow against her tug to recover for *an injury to the tow* caused by negligence on the part of the tug is a suit *ex delicto* and not *ex contractu.*" *Stevens v. The White City*, 285 U.S. 195, 201 (1932) (emphasis added).  Here, Goodloe brings negligence claims against defendants for injury to the tow in Counts I through IV.  However, its claim in Count V for breach of contract seeks damages for the tow not being delivered to its contracted destination—Port St. Lucie or Wilmington—not for the injury to the tow.

"The elements of a breach of contract claim under Florida law and admiralty law are the same: existence of a valid contract, a material breach, and damages." *Kol B'seder, Inc. v. Certain Underwriters at Lloyd's of London subscribing to Certificate No.154766 under Contract No. B0621MASRSWV15BND*, 261 F. Supp. 3d 1257, 1266 (S.D. Fla. 2017), *aff'd*, 766 F. App'x 795 (11th Cir. 2019) (citing *Sulkin v. All Fla. Pain Mgm't Inc.*, 932 So.2d 485, 486 (Fla. 4th DCA 2006); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005)). Count V adequately pleads the elements of breach of the parties' agreement to deliver the tow to one of those locations. The motion is denied as to Count V.

### *Count VI (breach of implied warranty of workmanlike service)*

In general, the warranty of workmanlike performance "consists of the contractual obligation to perform duties under a contract with reasonable safety." *Garner v. Cities Serv. Tankers Corp.*, 456 F.2d 476, 481 (5th Cir. 1972).[4] In Count VI Goodloe alleges the existance of a towing contract with CIT for CIT to tow its Dredge and Idler Barge from Texas to North Carolina, and that CIT owed Goodloe an implied warranty of workmanlike service to perform its towing services properly and safely, once having undertaken the responsibility. (Doc. 1 ¶¶ 41, 42). Goodloe further alleges that CIT breached the implied warranty of workmanlike service by failing to perform its towing services properly and safely, and as a direct and proximate result, Goodloe sustained damages. (*Id.* ¶¶ 43, 44).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendants move to dismiss Count VI on the basis that no implied warranty of workmanlike performance is owed by a tower under a towage agreement because the standard between tug and tow has long been "due care." *Hercules, Inc. v. Stevens Shipping Co.*, 698 F.2d 726, 738 n.25 (5th Cir. 1983) (citing *Stevens*, 285 U.S. at 201) (tower owes "duty to exercise such reasonable care and maritime skill as prudent navigators employ for the performance of similar service"). Quoting a treatise on tugs and towage, the Fifth Circuit states, "[i]t is submitted that a warranty of workmanlike service is not applicable to a towage situation." *Id.* (quoting A. PARKS, *The Law of Tug, Tow and Pilotage* (2d ed. 1982), p. 29). However, the Fifth Circuit and Parks concede there are a line of cases in which courts have held a tug company to a warranty of workmanlike service. *Id.* Goodloe cites a number of cases that recognize the implied warranty to perform services in a workmanlike manner in the towage context. *See S. C. Loveland, Inc. v. E. W. Towing, Inc.*, 415 F. Supp. 596, 604 (S.D. Fla. 1976), *aff'd*, 608 F.2d 160 (5th Cir. 1979) (tug owed its barge an "implied warranty of workmanlike service; that is, a duty to perform its towing services properly and safely, once having undertaken the responsibility."); *Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*, 707 F.2d 1086, 1091 (9th Cir. 1983) (affirming trial court's finding that the towage contract contained an implied warranty to perform the services required in a workmanlike manner); *Fairmont Shipping Corp. v. Chevron Int'l Oil Co.*, 371 F. Supp. 1191, 1194 (S.D.N.Y. 1974), *aff'd*, 511 F.2d 1252 (2d Cir. 1975) ("A contract of towage also gives rise to an implied warranty of workmanlike service.") (collecting cases).

At this preliminary stage in the proceedings, the Court finds in a light most favorable to Goodloe, that it has stated a cause of action for implied warranty of workmanlike service and denies the motion to dismiss Count VI.[5]

Accordingly, it is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Plaintiff's Complaint or, alternatively, to Strike Immaterial and/or Irrelevant Allegations from the Complaint" (Doc. 13) is hereby **DENIED**.

2. Defendants are directed to file an answer to the Complaint within 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[5] Given the seeming conflict in the case law as to the appropriateness of this type of claim in a towage context, the parties may revisit the issue through summary judgment motion once additional facts are developed in discovery to determine whether an implied warranty of workmanlike service applies to defendants' conduct here.