UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

GOODLOE MARINE, INC., on behalf
of itself and for the use and benefit
of anyone claiming by and through it,

    Plaintiff,

v.                                                            Case No. 8:20-cv-679-T-60AAS

CAILLOU ISLAND TOWING COMPANY, INC.
and B.C. TOWING, INC.,

    Defendants.
_____/

CAILLOU ISLAND TOWING COMPANY, INC.,

    Counter-Plaintiff,

v.

GOODLOE MARINE, INC.,

    Counter-Defendant
_____/

**ORDER DENYING "PLAINTIFF'S MOTION TO DISMISS
CAILLOU ISLAND TOWING COMPANY, INC.'S COUNTERCLAIM"**

This matter is before the Court on "Plaintiff's Motion to Dismiss Caillou Island Towing Company, Inc.'s Counterclaim," filed on June 16, 2020. (Doc. 20). On June 30, 2020, Defendant Caillou Island Towing Company, Inc. filed a response in opposition to the motion. (Doc. 22). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Factual Background**[1]

Defendant/Counter-Plaintiff Caillou Island Towing Company, Inc. ("CIT") sues Plaintiff/Counter-Defendant Goodloe Marine, Inc. ("Goodloe") in admiralty for damages arising from a maritime contract and the sinking of Goodloe's dredge.

Goodloe is a Florida corporation and the owner of a dredge called *PERSEVERANCE* (the "Dredge") and idler barge ("Idler Barge"). In January 2020, Goodloe contracted with CIT to tow the Dredge and Idler Barge from Port Bolivar, Texas to "Port St. Lucy" or Wilmington, North Carolina. CIT and BC are the owners and operators of the towing vessel, *CHARLES J CENAC* (the "Towing Vessel"), that was used to tow the Dredge and Idler Barge. Goodloe warranted to CIT that prior to the tow, the Dredge and Idler Barge "were seaworthy, properly and efficiently manned, supplied, equipped, and furnished." However, CIT alleges that the Dredge and Idler Barge were unseaworthy. CIT contends that the unseaworthy conditions of the Dredge and Idler Barge were the sole cause of the sinking of the Dredge and other resulting damages.

On January 22, 2020, during the tow, while off the coast of Cedar Key, Florida, the Dredge began to take on water and sank. The Idler Barge also sustained damage as a result of the Dredge sinking. CIT towed the Dredge to Florida Dredge & Dock, Inc. in Tarpon Springs, Florida, where it remains, taking on water, and towed the Idler Barge to Gulf Marine Repair in Tampa, Florida.

---

[1] The factual background is derived from Goodloe's complaint and CIT's counterclaim. The Court accepts as true the facts alleged in the counterclaim for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

On March 24, 2020, Goodloe filed a six-count complaint against CIT and BC, asserting claims of negligence, gross negligence, breach of contract, and breach of the implied warranty of workmanlike service. On May 26, 2020, CIT filed its counterclaim, asserting claims of breach of contract and negligence. Goodloe now moves to dismiss the counterclaim with prejudice, or to require CIT to provide a more definite statement of its counterclaim. CIT opposes the motion.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the

documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Count I – Breach of Contract*

In Count I, CIT alleges that the towing agreement required Goodloe to warrant the seaworthiness of the Dredge and Idler Barge, but Goodloe breached the agreement by failing to warrant and provide a seaworthy Dredge and Idler Barge. As a result of the breach of contract, Goodloe alleges it suffered property and/or economic damages.

In its motion to dismiss, Goodloe contends that the breach of contract claim is not sufficiently pled because it is based on an alleged breach of the duty to furnish seaworthy vessels and therefore sounds in negligence. Goodloe contends that it provided a trip in tow survey, completed by a qualified surveyor, prior to commencement of the tow. Goodloe further argues that because the trip in tow survey was acceptable for CIT to begin the tow, Goodloe furnished seaworthy vessels. However, Goodloe argues that even if it had not furnished seaworthy vessels, the

breach of a shipowner to furnish a seaworthy ship is a tort rather than a contractual breach.

"The elements of a breach of contract claim under Florida law and admiralty law are the same: existence of a valid contract, a material breach, and damages." *Kol B'seder, Inc. v. Certain Underwriters at Lloyd's of London subscribing to Certificate No.154766 under Contract No. B0621MASRSWV15BND*, 261 F. Supp. 3d 1257, 1266 (S.D. Fla. 2017), *aff'd*, 766 F. App'x 795 (11th Cir. 2019) (citing *Sulkin v. All Fla. Pain Mgm't Inc.*, 932 So.2d 485, 486 (Fla. 4th DCA 2006); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005)). CIT adequately pleads the elements of a breach of contract claim related to the Towing Agreement. Additionally, this cause of action is not duplicative of the negligence claim in Count II – although the claims arise from the same event, the breach of contract and negligence claims present different legal theories and require that different elements be proven. As such, the motion to dismiss is denied as to Count I.

*Count II – Negligence*

In Count II, CIT alleges that Goodloe owed CIT a duty to use reasonable care under the circumstances and to warrant the seaworthiness of the Dredge and Idler Barge from Port Bolivar, Texas to Wilmington, North Carolina. CIT further alleges that Goodloe breached its duty to use reasonable care and as a result, CIT suffered damages.

In general, the elements of maritime negligence are the same as those for common law negligence. *See* 15 *Crayton v. Oceania Cruises, Inc.*, 600 F. Supp. 2d 1271, 1275 (S.D. Fla. 2009) (citing *Stuart Cay Marina v. M/V Special Delivery*, 510 F.

Supp. 2d 1063, 1071 (S.D. Fla. 2007)). Goodloe takes issue with CIT's statement of duty, which it argues is an apparent attempt to subject Goodloe to a higher and inapplicable standard of care. More specifically, Goodloe alleges that "[t]he only duty owed by the owner of a tow is the duty to warrant the seaworthiness of its vessels, meaning that they will be sufficiently staunch to withstand the pressures that ordinarily accompany the intended voyage," which Goodloe identifies as the voyage from Texas to North Carolina. Goodloe contends that as a matter of law, it could not breach the warranty of seaworthiness because the actual voyage undertaken was different than the anticipated voyage. Goodloe also seeks dismissal of Count II because CIT pleads no facts to show how the sinking of Goodloe's Dredge caused property and/or economic damages to CIT.

Upon review, the Court finds that CIT has sufficiently stated a claim for negligence against Goodloe. Although these issues might be ripe for disposition at summary judgment, at the current stage of the proceedings, the Court must interpret the allegations in light most favorable to CIT. CIT has pled enough in Count II to survive the motion to dismiss.

*Motion for More Definite Statement*

Goodloe alternatively requests that the Court require CIT to plead a more definite statement. This request is denied. The counterclaim provides sufficient notice of the claims against Goodloe.

Accordingly, it is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion to Dismiss Caillou Island Towing Company, Inc.'s Counterclaim" (Doc. 20) is hereby **DENIED**.

2. Goodloe is directed to file an answer to the counterclaim on or before August 24, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u> day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**