UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOODLOE MARINE, INC.,

    Plaintiff/Counter-Defendant,

v.                                                Case No: 8:20-cv-679-JLB-AAS

CAILLOU ISLAND TOWING COMPANY,
INC.,

    Defendant/Counterclaimant.
_____/

CAILLOU ISLAND TOWING COMPANY,
INC.,

    Third-Party Plaintiff,

v.

RJA, LTD.,

    Third-Party Defendant.
_____/

## ORDER

In this admiralty action, Plaintiff Goodloe Marine, Inc. ("Goodloe") contracted with Defendant Caillou Island Towing Company, Inc. ("CIT") to tug its dredge and idler barge from Texas to Florida (the "Tow"). Goodloe also hired Third-Party Defendant RJA, Ltd. ("RJA") to survey the Tow and certify its fitness, which RJA did. The dredge nevertheless sank during its voyage to Florida. For the Court's consideration is Goodloe's motion for leave to untimely implead one of the captains of the towing vessel, Captain Roger Taylor. After careful review, the motion (Doc. 105) is **DENIED**.

## BACKGROUND

The relevant procedural background is undisputed. (Doc. 105 at 2–4; Doc. 108.) In short, Goodloe filed its complaint against CIT on March 24, 2020. (Doc. 1.) On May 26, 2020, CIT filed a counterclaim against Goodloe. (Doc. 14.) On June 30, 2020, CIT filed a third-party complaint against Charles Taylor Adjusting, Ltd., which was eventually substituted by RJA. (Docs. 23, 77.)

On December 3, 2020, the Court entered a Case Management and Scheduling Order setting a deadline for "Third Party Joinder/Amend Pleading" on January 7, 2021. (Doc. 46 at 1.) On the parties' motions, the pretrial deadlines were first extended 60 days and then 180 days. (Docs. 80, 81, 97, 98.) It is undisputed that the modified deadline to amend pleadings and join third parties was thus September 4, 2021. (Doc. 105 at 3; Doc. 108 at 2.)

Goodloe deposed Captain Taylor on August 4, 2021. (Doc. 105 at 4.) He testified that he was captain of the towing vessel at the time of the incident, that he was aware of the trip-and-tow recommendation not to tow the dredge and idler barge into waters with sea states in excess of three feet, and that he did tow the vessels into waters with sea states in excess of three feet. (Docs. 105-1, 105-2, 105-3.)

More than four months after the deposition—and after the expiration of the deadline—Goodloe moved to implead Captain Taylor.  (Doc. 105.)  CIT has responded in opposition.  (Doc. 108.)[1]

## LEGAL STANDARD

A party seeking to bring in a third party "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Fed. R. Civ. P. 14(a)(1); see also Fed. R. Civ. P. 14(b), (c).  Additionally, modification of a scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  To establish good cause, the moving party must show that the deadlines cannot be met despite the party's diligent efforts.  See Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308, 309 (M.D. Fla. 2000).  Relevant favors include whether (1) the movant failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) the information supporting the proposed amendment was available to the movant; and (3) even after acquiring information, the movant delayed in asking for amendment.  See Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

Additionally, where the deadline has expired, Federal Rule of Civil Procedure 6(b)(1)(B) requires a showing of excusable neglect.  "When evaluating whether a

---

[1] CIT filed its response after the deadline to do so and has sought an extension of time to file.  (Doc. 107.)  Goodloe responded in opposition to that motion.  (Doc. 109.)  In all events, denial of Goodloe's motion to implead Captain Taylor is appropriate even without consideration of CIT's response.  Accordingly, the motion for an extension of time is due to be denied as moot.  RJA has not filed a response, and Goodloe represents that RJA does not oppose the motion.  (Doc. 105 at 12.)

party has shown excusable neglect, the Court should consider the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Berlinger v. Fargo, No. 2:11-cv-459-FtM-29CM, 2015 U.S. Dist. LEXIS 197629, at *5 (M.D. Fla. Aug. 27, 2015) (quotation omitted).

## DISCUSSION

Granting Goodloe leave to implead Captain Taylor at this stage of the litigation is inappropriate. As an initial matter, Goodloe acknowledges that the deadline to join third parties was extended multiple times and that Goodloe did not move to implead Captain Taylor prior to the September 4, 2021 deadline. (Docs. 46, 81, 98.) Moreover, Goodloe has not shown good cause or excusable neglect for its failure to timely file. See Auto-Owners Ins. Co., 648 F. Supp. 2d at 1375. Instead, Goodloe relies on the ongoing process of discovery but cites no authority in support of the proposition that, at least in these circumstances, this is sufficient to establish good cause or excusable neglect. (Doc. 105 at 6–7); see, e.g., Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); Harris v. Rambosk, No. 2:18-cv-17-FtM-29MRM, 2019 WL 3241145, at *3 (M.D. Fla. July 1, 2019), adopted, 2019 WL 3238583 (M.D. Fla. July 18, 2019).

Indeed, the factual allegations and claims against CIT are substantially similar to the claims and allegations Goodloe seeks to raise against Captain Taylor, and Goodloe does not adequately explain why Captain Taylor's deposition was

necessary to bring the claims.  (Compare Doc. 105-4, with Doc. 1.)  Additionally, Goodloe deposed Captain Taylor on August 4, 2021, a month before the deadline to join third parties expired.  (Doc. 105 at 4.)  Goodloe did not seek to join Captain Taylor until more than three months after the deadline expired and four months after the deposition.  This decision, which was within Goodloe's control, does not reflect diligence.  Further, the length, potential impact, and cause of the delay do not support Goodloe's untimely request.

Goodloe next asserts that the inability to implead Captain Taylor will result in prejudice because Goodloe may not be able to "adequately pursue recovery and to defend against CIT's counterclaim."  (Doc. 105 at 9–10.)  However, as CIT correctly points out, the risk of any such prejudice is minimal.  (Doc. 108 at 2–5.)  For example, even without the impleader of Captain Taylor, Goodloe can pursue damages against CIT, with whom Captain Taylor was employed at the time of the incident, and fault attributed to CIT could reduce any judgment against Goodloe on CIT's counterclaim.  See Wiegand v. Royal Caribbean Cruises Ltd., 473 F. Supp. 3d 1348, 1352–53 (S.D. Fla. 2020).  In all events, as Goodloe acknowledges, it could "pursue a separate action against Capt. Taylor."  (Doc. 105 at 10.)

In summary, Goodloe has not shown good cause or excusable neglect for the delay in moving to implead Captain Taylor.  As such, the Court finds impleader inappropriate at this stage of litigation.

## CONCLUSION

Plaintiff Goodloe's Motion for Leave to Implead Capt. Roger Taylor (Doc. 105) is **DENIED**.

ORDERED in Tampa, Florida, on February 18, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE