UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GOODLOE MARINE, INC.,**

    **Plaintiff,**

v.                                             Case No. 8:20-cv-679-JLB-AAS

**B.C. TOWING, INC., CAILLOU ISLAND
TOWING COMPANY, INC.,**

    **Defendants,**

_____/

**CAILLOU ISLAND TOWING COMPANY, INC.,**

    **Counterclaimant,**

v.

**GOODLOE MARINE, INC.,**

    **Counter-defendant,**

_____/

**CAILLOU ISLAND TOWING COMPANY, INC.,**

    **Third-Party Plaintiff,**

v.

**RJA LIMITED,**

    **Third-Party Defendant.**

_____/

1

## ORDER

Third-Party Defendant RJA Limited (RJA) requests that the court compel Plaintiff Caillou Island Towing Company, Inc. (Caillou) to allow mirror imaging of the tug's computer hard drive containing the Rose Point Compass system to recover deleted data. (Doc. 110). Goodloe Marine, Inc. (Goodloe) joined RJA's motion. (Doc. 111). Caillou opposes the motion and joinder. (Doc. 113).

## I.  BACKGROUND

Caillou Island Towing provides towage services in the territorial waters of the State of Florida and was the owner of the tug, M/V CHARLES J CENAC (the tug). (Doc. 21, ¶ 13). Goodloe and Caillou entered into a Towing Agreement in which Caillou agreed to tow a Goodloe tow from Port Bolivar, Texas, to Port St. Lucie, Florida. (*See* Doc. 23, Ex. 1). While in territorial waters off the coast of Cedar Key, Levy County, the tow sank. (Doc. 77, ¶ 14). Goodloe sued Caillou and Caillou filed a counterclaim against Goodloe.[1] (Docs. 14, 77).

On September 10, 2021, the court granted in part a motion to compel and ordered Caillou to produce documents related to the tug's towing logs and limiting the production to the past three years. (Doc. 99, p. 9). The order noted

---

[1] This action was consolidated with Case No. 8:20-cv-1641-JLB-AAS. (*See* Doc. 1).

Caillou agreed to allow RJA's IT expert onboard the tug to extract the electronic charts for the voyage in question from the Rose Point system. (*Id.* at p. 3).

The inspection of the Rose Point system, the logbooks, and the tug was scheduled for November 11, 2021. Caillou advised they would confirm the size of the hard drive on the computer but failed to do so. The inspection was rescheduled for November 29-30, 2021.[2] (Doc. 110, Ex. 1). During exchanges between opposing counsel, RJA discovered certain data on the Rose Point system was no longer readily accessible. According to RJA's expert, to uncover the data, the computer hard drive must be "mirror imaged." (Doc. 110, Ex. 2, ¶ 14).

Caillou cancelled the inspection, stating it could not allow the tug's hard drive to be mirror imaged without consulting its IT expert to determine if there were other ways to obtain the information. According to RJA, Caillou failed to provide an alternative date for the inspection or alternative procedures for obtaining the deleted data.

RJA, joined by Goodloe, moves the court to compel Caillou to allow mirror

---

[2] The Notice of Vessel Inspection states, "All Parties have agreed to the above date for inspection. Counsel to provide the on board computer hard drive size to be imaged with sufficient time for experts."

3

imaging of the tug's computer hard drive containing the Rose Point system and to allow access to the tug's original logbooks. (Docs. 110, 111). Caillou opposes the motion. (Doc. 113).

## II.   ANALYSIS

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). *See In re Paradise Family, LLC*, No. 8:20-cv-2056, 2021 WL 2186459, at *4 (M.D. Fla. May 28, 2021). The Federal Rules of Civil Procedure strongly favor full discovery. *See Cinclips, LLC v. Z Keepers, LLC*, No. 8:16-cv-1067, 2017 WL 1065560, at *2-3 (M.D. Fla. Mar. 21, 2017) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (internal quotations omitted)). The party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome. *See Cinclips*, 2017 WL 1065560, at *2-3 (citing *Benavides v. Velocity IQ, Inc.*, No. 8:05-cv-1536, 2006 WL 680656, at *2 (M.D. Fla. Mar. 15, 2006) (internal quotations omitted)).

Electronically stored information is discoverable under Fed. R. Civ. P. 34(a). Courts have also held that deleted or not readily accessible computer files are still discoverable. *See Bank of Mong. v.M&P Glob. Fin. Servs.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009). When files are deleted or overwritten, a

forensic image, otherwise known as a "mirror image" will "replicate bit for bit sector for sector, all allocated and unallocated space, including slack space, on a computer hard drive." *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012) (citations omitted). A mirror image "contains all the information in the computer, including embedded, residual, and deleted data." *Id.* Before compelling such imaging the court must weigh inherent privacy concerns against its utility. *Id.* The court should consider "whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests." *Id.*

As noted in the court's September 2021 order, Caillou agreed to allow RJA's expert on board the tug to extract the Rose Point electronic chart for the subject voyage. (*See* Doc. 99, p. 3). The court then ordered production of the tug's original tow logs and the parties scheduled the inspection. (*See* Doc. 99, pp. 8-9; Doc. 110, Ex. 1). Caillou failed to allow RJA access to the tug and its computer to review the original logbooks and the Rose Point system data. Now that it was discovered that information on the Rose Point system is no longer readily accessible, Caillou objects to RJA obtaining that information by

5

creating a mirror image of the computer hard drive. Although Caillou's response suggests there may be other ways of obtaining this information, it appears no effort has been made by Caillou to do so. Given the failure by Caillou to provide RJA access to the electronic chart and tow logs, an order compelling the disclosure and allowing the parties access to the tug is necessary. *See Wynmoor Cmty. Council, Inc.*, 280 F.R.D. at 687 (finding a forensic examination to be warranted when the plaintiffs were unwilling or unable to search their computer systems for documents responsive to the defendant's discovery requests).

### III.  CONCLUSION

RJA's motion to compel (Doc. 110) is **GRANTED**. No later than **March 25, 2022**, Caillou must: (1) allow RJA's IT expert to mirror image the tug's computer hard drive; (2) allow inspection of the compelled tug logbooks; and (3) allow access to the tug for enough time to complete the hard drive mirror imaging.

**ORDERED** in Tampa, Florida on March 7, 2022.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge