UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

GOODLOE MARINE, INC., on behalf of itself and for the use and benefit of anyone claiming by or through it,

    Plaintiff,

v.

CAILLOU ISLAND TOWING COMPANY, INC.,

    Defendant,
_____/

CAILLOU ISLAND TOWING COMPANY, INC.,

    Counterclaimant,

v.

GOODLOE MARINE, INC.,

    Counterdefendant,
_____/

CAILLOU ISLAND TOWING COMPANY, INC.

    Third-Party Plaintiff,

v.

RJA, LTD,
    Third-Party Defendant,
_____/

Case No: 8:20-cv-679-JLB-AAS
(Consolidated with Case No.: 8:20-cv-1641-JLB-AAS)

## ORDER[1]

Defendant Caillou Island Towing Company, Inc. ("CIT") moves to dismiss this admiralty action. (Doc. 131.) Plaintiff Goodloe Marine, Inc. ("Goodloe Marine") opposes dismissal. (Doc. 137.) After careful review, the Court **DENIES** the motion (Doc. 131).

## BACKGROUND

Goodloe Marine owns the Dredge Perseverance ("Dredge") and the Idler Barge ("Barge"). (Doc. 1 ¶ 8.) CIT provides maritime transportation services. (Doc. 1 ¶ 10.) Goodloe Marine contracted with CIT for CIT to tow the Dredge and the Barge from Port Bolivar, Texas to Wilmington, North Carolina. (Doc. 1 ¶ 10.) Both the Barge and the Dredge were damaged when, while under tow, the Dredge took on water and sank off the coast of Cedar Key, Florida. (Doc. 1 ¶ 11.)

Goodloe Marine sued CIT (Doc. 1), CIT moved to dismiss (Doc. 13), the Court denied the motion (Doc. 19), and CIT answered (Doc. 21). Now, nearly two years later, CIT contends the Court should dismiss Goodloe Marine's action for failure to prosecute in the name of the real party in interest. (Doc. 131.)

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## LEGAL STANDARD

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a) "is essentially a codification of the prudential limitation on third-party standing." Tr. One Payment Servs., Inc. v. Glob. Sales Sols., LLC, No. 1:11-CV-1186-TCB, 2012 WL 13009204, at *3 (N.D. Ga. Mar. 14, 2012) (citing RK Co. v. See, 622 F.3d 846, 851 (7th Cir. 2010)). "The federal rules do not contain a specific procedure for raising an objection that plaintiff is not the real party in interest." 6A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1554 (3d ed.).

Because standing is a jurisdictional issue, and because parties may challenge standing through motions to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court will consider this real-party-in-interest challenge under Rule 12(b)(1). See Tr. One Payment Servs., 2012 WL 13009204, at *3 (citing Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)).

The Eleventh Circuit has described motions to dismiss under Rule 12(b)(1) as follows:

> A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the

3

> motion. By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.

Stalley, 524 F.3d at 1232–33 (internal citations and quotation marks omitted). This motion is a factual attack on subject-matter jurisdiction because CIT has submitted documents supporting its motion, and Goodloe Marine has submitted documents supporting its response.

Finally, the Court recognizes that Rule 17 limits the Court's dismissal power as follows: the Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

## DISCUSSION

CIT asserts Goodloe Marine is not the real party in interest, and the Court should dismiss the action with prejudice. In support, CIT cites several documents including deposition excerpts stating that Goodloe Marine's insurance company—RKH Specialty—determined the Dredge was a total loss and that RKH Specialty has paid Goodloe Marine $1,906,846.36. (Doc. 131-3 at 211:11–14; 255:2–11; 256:7–17; see also Doc. 131-4 at 5.)

On June 14, 2022, CIT asked Goodloe Marine to substitute RKH Specialty as plaintiff and dismiss with prejudice this action and Goodloe's

4

claim in CIT's Limitation of Liability action. (Doc. 131 at 3.) CIT states Goodloe Marine refused. (Doc. 131 at 3.) Two days later, on June 16, 2022—while the parties were ostensibly in a mediation conference—CIT moved for dismissal. (Doc. 131; Doc. 132.) CIT argues that because RKH Specialty "fully reimbursed Goodloe [Marine] for its damages," RKH Specialty is the real party in interest, and Goodloe Marine's claims should be dismissed with prejudice. (Doc. 131 at 6.)

Not so, says Goodloe Marine. It contends CIT's motion should be denied because, first, Goodloe Marine has not been paid for its entire loss and seeks to recover both insured and uninsured losses, the former on RKH Specialty's behalf. (Doc. 137 at 5–7.) Second, noting that only two days passed between CIT communicating its objection to RKH Specialty's absence from the lawsuit and CIT filing this motion, Goodloe Marine contends dismissal is inappropriate given Rule 17(a)(3)'s prohibition on dismissing before there has been "reasonable time" to cure. (Doc. 137 at 6–7.) Third, Goodloe Marine argues CIT should be judicially estopped from seeking dismissal because CIT is also seeking recovery on behalf of its insurer. (Doc. 137 at 8–10; Doc. 137-1 at 77:14–78:23.) Finally, should the Court determine that RKH Specialty should be added to this case, Goodloe Marine asks that the Court grant it leave to add its insurer as a party instead of dismissing its claims. (Doc. 137 at 10–11.)

5

The Court agrees with Goodloe Marine. The arguments about the timing and sequence of events, the relative positions of both parties vis-à-vis their insurers, and the inappropriateness of dismissal with prejudice are all persuasive. But the Court is most persuaded by Goodloe Marine's argument that "CIT fails to make the requisite showing that dismissal is appropriate under the circumstances." (Doc. 137 at 6.)

Even though RKH Specialty has compensated Goodloe Marine for damages to the Dredge and the Barge, Goodloe Marine maintains that it has not been fully compensated and seeks recovery for (among other things) the contents of the Dredge and the Barge, for damages flowing from CIT's breach, and for punitive damages. (Doc. 1.) Because Goodloe Marine seeks recovery for both insured and uninsured losses, it is an appropriate party here. See, e.g., Great Lakes Ins. SE v. Mastique II Condo. Ass'n, Inc., No. 2:21-CV-542-JLB-NPM, 2022 WL 580547, at *2 (M.D. Fla. Feb. 25, 2022) (if an insurer has paid only part of a loss, both the insured and the insurer have substantive rights that make them real parties in interest) (citations omitted).

6

## CONCLUSION

Defendant CIT's Motion to Dismiss (Doc. 131) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 5, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE